## Commonwealth v. Cicchino

*Frank J. Docktor*, for Commonwealth.

*John J. Moschetta*, for defendant.

CUMMINS, J., May 2, 1951.—Defendant in the above case was arrested by the Pennsylvania State Motor Police and charged with failure to yield one-half of the highway.

Defendant posted a $25 bond and waived the hearing before the magistrate to the court of quarter sessions.

This case being one of summary conviction, a hearing was held before the court on May 1, 1951, at which time defendant filed a written motion to quash the information on the grounds that it was defective in its entirety in that it violates article 1, sec. 8, of the Constitution of Pennsylvania, being made on oath of the prosecutor as though he were an eyewitness, and failing to disclose that it is based upon information, and further, in failing to state his belief in the truth of the information received.

Defendant cited several cases in his brief to sustain his position, and among those cases cited is the case of Commonwealth v. Hockenberry, 72 D. & C. 274. In that case it was held that where an information charging a summary offense under The Vehicle Code of May 1, 1929, P. L. 905, such as reckless driving, in violation of section 1001, is based upon information received by complainant from others, it must aver that complainant believes the information to be true, and if it fails to do so, proceedings based upon such an information must be quashed.

Upon an examination of the information filed in the case at bar, such requirements do not appear, whereas it appears in the information that the prosecutor was the eyewitness to this violation of The Vehicle Code.

Upon hearing the testimony in the case, it appeared that the police officer obtained all of the information upon which he based his arrest on information received from others. Therefore, the information must be quashed.

And now, May 2, 1951, upon motion of counsel for defendant, the information in the above-entitled case is quashed, the costs to be paid by Washington County, and the clerk of courts is hereby ordered to return all moneys paid by defendant to the clerk of courts for the taking of this appeal.